UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

DENNIS R. CORNETT

DEBTOR                                              CASE NO. 05-22127

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the Debtor's Motion to Set Aside an order granting the Trustee's request for turnover of the Debtor's retirement funds. The Debtor claimed the sum of $9,654.97 as exempt pursuant to KRS 161.700 as contributions obtained from his teacher retirement account. The Trustee filed an Objection to Exemption and a Motion to Compel, contending that the status of the funds had changed because they were no longer in an exempt account.

1.  Factual and procedural background

The Debtor filed his Chapter 7 petition on July 31, 2005. His Summary of Schedules shows $16,467.97 in total assets, $59,279.23 in total liabilities, monthly income of $1,800.00, and monthly expenditures of $3,022.92. His Schedule C claimed $9,654.97 in Heritage Bank Checking Account #51180303 as exempt pursuant to KRS 161.700 and 427.150(2)(e). His Schedule I shows that he is divorced and has one dependent, an eight year old daughter. His Schedule J shows that he pays $570.00 per month in alimony, maintenance, or support, among his other expenses.

The Trustee filed his Objection to Exemption and his Motion for Turnover on August 5, 2005. An Order for Turnover was entered on August 8, 2005. The Debtor filed a Response to Motion for Turnover

1

and Objection to Exemption on August 17, 2005, and then filed a Motion to Set Aside on August 25, 2005. This Motion addressed the court's Order for Turnover. The court heard the matter on September 6, 2005, and took it under consideration. On that same date, an Order was entered disallowing the exemption claimed by the Debtor, but that order was vacated on September 28, 2005.

2. Discussion

The Trustee takes the position that the Debtor is not entitled to an exemption in the subject funds because on the date of filing of his Chapter 7 petition, the funds were not in an exempt account, but in an ordinary bank account. The statutes relevant to the Debtor's claim are KRS 161.700(1) and 427.150(2)(e). KRS Chapter 161 deals with teacher retirement; section 161.700(1) provides in pertinent part:

> The right of a member to a retirement allowance and to the return of contributions, any benefit or right accrued or accruing to any person under the retirement system, and the money in the various funds of the retirement system are exempt from any state or municipal tax, are not subject to execution, garnishment, attachment, or other process, and are unassignable except as provided in this chapter, and except for court or administratively ordered current child support, owed child support, or to-be-owed child support.

KRS 147.150 provides in pertinent part:

> (1) To the extent reasonably necessary for the support of an individual and his dependents in addition to **property totally exempt under subsection (2) of this section**, that individual shall be entitled to exemption of money or property received . . . . (Emphasis added).
> (2)An individual shall be entitled to an exemption of the following property:
> . . . .
>    (e) Assets held, payments made and amounts payable under pensions exempt pursuant to KRS 61.690, 161.700, 427.120 and 427.125;

The Debtor maintains that a retirement fund distribution deposited in his bank account is exempt. He cites *In re Bresnahan*, 183 B.R. 506

2

(Bankr. S.D. Ohio 1995) in support of his position. There the debtor claimed $7,000.00 of a $15,360.00 yearly retirement income payment from his civilian employment with the Air Force as exempt ($7,000.00 was the amount in his checking account at the time of filing). The trustee objected on the ground that the debtor could not exempt this amount as a right to receive a pension payment because he received and deposited it before he filed his petition.

The debtor claimed his exemption under Ohio Rev. Code section 2329.66(A)(10)(b) which provides in pertinent part that:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows:
> . . . .
> (10)(b) . . . . [T]he person's right to receive a payment under any pension, . . . . on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents . . . .

O.R.C. § 2329.66(A)(10)(b). The court heard testimony that established that the $7,000.00 was reasonably necessary for the support of the debtor and his spouse, and followed the rationale in *Daugherty v. Central Trust Co.*, 504 N.E.2d 1100 (Ohio 1986), wherein the court stated that:

> statutorily exempt funds do not lose their exempt status when deposited in a personal checking account. . . . The legislature's purpose, in exempting certain property from court action brought by creditors, was to protect funds intended primarily for maintenance and support of the debtor's family. This legislative intent would be frustrated if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account which a depositor commonly maintains in order to pay by check those regular subsistence expenses he incurs.

*Id*. at 1103. The *Bresnahan* court rejected the trustee's contention that the debtor's exemption rights "must be predicated upon the

present form of the debtor's retirement distribution, i.e., money on deposit with a bank," and held that the retirement fund distribution made to the debtor retained its exempt status when it was deposited in his checking account. *In re Bresnahan*, 183 B.R. at 508-09.

Review of KRS 427.150 leads to the conclusion that the Debtor does not have to demonstrate that the property he received is necessary for his support and that of his daughter, as the statute makes it "totally exempt." He has alleged that the funds became necessary for such support, however, and his bankruptcy schedules support this contention. This court finds the reasoning of the *Bresnahan* court even more persuasive under the circumstances of this case, and finds that the teacher retirement distribution made to the Debtor did not lose its exempt status when he deposited it into his checking account. It is therefore the opinion of this court that the Trustee's Motion for Turnover and Objection to Exemption should be, and they hereby are, OVERRULED.

Copies to:

L. Craig Kendrick, Esq.
William K. Fulmer, II, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Monday, October 03, 2005**
(wsh)